The case below was assumpsit for work and labor, c., in which the plaintiff recovered $8 06. The defendant's counsel moved the court to disallow costs, for want of a sufficient affidavit, under Digest 351, section 37; which provides that "if any person or persons shall commence or prosecute any suit or cause of action in the Superior Court, or otherwise than before a justice of the peace, upon or for any cause of action of which a justice of the peace shall according to this act have jurisdiction, such person or persons shall not in such suit or action recover any costs whatever; and if the nature of the cause of action be within the jurisdiction of a justice of the peace, according to this act, and if the plaintiff shall not thereupon recover more than fifty dollars exclusive of costs, the recovery shall be conclusive, and costs shall be disallowed; excepting only that if the plaintiff, or one of the plaintiffs shall make oath or affirmation before issuing the writ, before the clerk of the court or prothonotary, or the deputy of the clerk or prothonotary, or some judge of either of the courts that theperson or persons to be named as plaintiff or plaintiffs in the writ,has or have a just cause of action against the person or persons to benamed defendant or defendants *Page 61 therein, and that such cause of action does exceed in value fiftydollars, and such oath or affirmation shall be reduced to writing, signed by the party making it, certified by the officer or judge, and filed in the cause; then the foregoing provision depriving the plaintiff of costs shall in such case be dispensed with."
An affidavit had been filed in the case before bringing suit; but its sufficiency was denied. The court below held it sufficient, though informal, and refused the motion. This was the error now relied on.
The affidavit was in these words: — New Castle county, ss. Personally appears before me, James C. Mansfield, prothonotary, c., who being conscientiously scrupulous of taking an oath, and being duly affirmed, upon his affirmation deposes and says, that he has a just cause of action against Arthur Chillas, and that such cause of action does exceed in value fifty dollars. Affirmed and subscribed at New Castle, the 11th of November, A. D. 1845;
 Before (Signed) CHS. BROOKS.
 J. C. MANSFIELD, Proth'y.
 Bayard, for plaintiff in error. — This act is peremptory, and applies to the case. There is one exception, and the party is bound to bring himself within it: "Excepting only that if the plaintiff shall make oath before issuing the writ, before the clerk or his deputy, or some judge of the court, that the person to be named as plaintiff in the writ has a just cause of action against the person to be named defendant therein, and that such cause of action does not exceed in value fifty dollars, and such oath or affirmation shall be reduced to writing, signed by the party making it, certified by the officer or judge, and filed in the cause." If no affidavit is filed costs are disallowed of course; if an insufficient affidavit is filed, it is a nullity.
A statutory affidavit must be in all respects sufficient. It cannot be supplied, nor contradicted. Supplementary affidavits are never allowed, nor counter affidavits permitted, even in affidavits to hold to bail; much less in an affidavit which is the foundation of a judgment. (2 Eng.Com. L. 155; 16 C. L. R. 359; 7 Taunt. 405; 8 East R. 106; 1 Eng. Com. L. 353; 11 East R. 315; 6 Taunt. 192.)
The principle is, that the court can make no intendment to help out such affidavits. They are allowed as an act of the party absolutely settling the liability of another, without any power of contradiction. There is no remedy but by indictment for perjury. *Page 62 
The affiant is held, therefore, to the utmost strictness. (8 Eng. Com.L. Rep. 32.)
This is much stronger in the case of a statutory affidavit prescribing the form, than in relation to affidavits to hold to bail under statute 12 Geo. I, chap. 19, which merely requires the party to swear to indebtedness. They have even held him to the letter. (2 Wils. Rep. 224.)
No supplemental affidavit to such an affidavit as this could be allowed. The court have nothing to do with it. They may very well allow an affiant in making an affidavit before them on a motion or rule, to perfect it by supplement; but this is an affidavit filed before the clerk; prior to suit brought; in compliance with a statute; to bring the party within the exception; to entitle him to recover costs against Arthur Chillas; absolutely and without any power of contradiction or resistance; it must be therefore such as the law requires to the fullest extent, to give the party the benefit of it. It is a condition precedent; before issuing the writ; and can no more be supplied afterwards by intendment than it can by supplementary affidavit. If it is not good at the moment of issuing the writ, to save costs, it never can be made so after.
This affidavit is not. It is a nullity. It subjects no person to indictment for perjury; nor was it ever in a judicial proceeding, for not being authorized by the statute, it was not in the course of a judicial proceeding. (1 Pet. Rep. 333, 342, Elliott vs. Piersoll.)
2. There is nothing to show that this affidavit was filed before issuing the writ, or was ever filed at all. The act requires that the affidavit shall be "filed in the cause" before the writ is issued.
Mr. Huffington, for defendant in error. — This is a question of fact rather than of law; whether it appears by the record that Christopher Brooks, before issuing his writ against Arthur Chillas, made before the prothonotary and filed in the cause such an affidavit as the act of assembly requires to entitle himself to costs. No defect is pointed out, but the omission of the name of Christopher Brooks in the body of the affidavit, when he signed it, and the clerk certifies that he made it. The omission was merely that of the clerk. The affidavit makes no sense without supplying the name of Christopher Brooks, and the signature authorizes such intendment.
Bayard. — Neither the jurat, nor the signature, nor the certificate, are any part of the affidavit. You look to the body of the affidavit above to see what it contains; and if above, unaided by any *Page 63 
thing, it does not fully come up to the requirements of the statute, it is a nullity; and there is no power to supply its defects. It stands unsusceptible of contradiction by the defendant, and equally unsusceptible of confirmation by any after act of or for the plaintiff.
The Court being of opinion that the affidavit was insufficient, reversed the judgment of the court below.